1  Taylor M. Tieman (SBN 305269)
   ttieman@consumerlawcenter.com
2  Krohn & Moss, Ltd.
   1112 Ocean Drive, Suite 301
3  Manhattan Beach, CA 90266
   Tel: (323) 988-2400
4  Fax: (866) 861-1390

5  Attorney for Plaintiff, GLEN BERTULFO

6

7

8                      **IN THE UNITED STATES DISTRICT COURT**
                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                          **SAN JOSE DIVISIONGLEN**

10

11  GLEN BERTULFO,                    )    **Case No.:**
                                      )
12                                    )    **COMPLAINT**
               Plaintiff,            )
13                                    )    **(Unlawful Debt Collection Practices)**
        v.                            )
14                                    )
                                      )
15  GREENSKY LLC.,                    )
                                      )
16                                    )
               Defendant.            )
17  _____

18        GLEN BERTULFO ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the

19  following against GREENSKY LLC., ("Defendant"):

20                              **INTRODUCTION**

21     1.  Count I of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices

22        Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq*.

23     2.  Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act

24        ("TCPA"), 28 U.S.C. §227 *et seq*.

25  ///

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this court over Count II of Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count I.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Sunnyvale, California.

7. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

8. Defendant is a business entity with a business office located in Atlanta, Georgia and conducting business in California.

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant placed calls to telephone number ███████████.

12. Telephone number ██████████ is Plaintiff's cellular telephone.

13. Upon information and belief based on the frequency, number, nature, and character of these calls, Defendant placed each of its calls to Plaintiff using an automatic telephone dialing system or other equipment that hast the capacity to store and/or produce telephone numbers.

14. The purpose of these calls was to collect money from Plaintiff for purchases arising from a credit card.

15. Plaintiff used the credit card for personal, family, and household purposes.

16. On or around September 26, 2016, Plaintiff spoke with one of Defendant's employees and instructed Defendant to stop calling his cell phone number.

17. Defendant continued to call Plaintiff's cell phone after September 26, 2016.

18. Since September 26 2016, Defendant called Plaintiff's cell phone at least fifty-two (52) times.

19. During this time period Defendant called Plaintiff's cell phone as many as three (3) times in a single day.

20. Plaintiff is annoyed and feels harassed by Defendant's calls.

21. Defendant placed these calls voluntarily.

22. Defendant placed these calls under its own free will.

23. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

24. Defendant intended to use an automatic telephone dialing system to place these calls.

## COUNT I
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated the Rosenthal based on the following:

   a. Defendant violated the § 1788.11(d) of the Rosenthal by causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called.

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances.

   c. Defendant violated the §1788.17 of the Rosenthal by continuously failing to

PLAINTIFF'S COMPLAINT

comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Sections 1692d.

WHEREFORE, Plaintiff, GLEN BERTFULO, respectfully requests judgment be entered against Defendant, GREENSKY LLC., for the following:

26. Statutory damages of $1000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

27. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

28. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

29. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GLEN BERTULFO, respectfully requests judgment be entered against Defendant, GREENSKY LLC., for the following:

31. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

32. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

33. All court costs, witness fees and other fees incurred; and

PLAINTIFF'S COMPLAINT

34. Any other relief that this Honorable Court deems appropriate.


                                        RESPECTFULLY SUBMITTED,

Dated: January 30, 2017

                                        KROHN & MOSS, LTD.

                        By:     /s/ Taylor M. Tieman
                                Taylor M. Tieman
                                Krohn & Moss, Ltd.
                                1112 Ocean Drive, Suite 301
                                Manhattan Beach, CA 90266
                                Tel: (323) 988-2400
                                Fax: (866) 861-1390
                                ttieman@consumerlawcenter.com
                                Attorney for Plaintiff

PLAINTIFF'S COMPLAINT